Brian A. Knutsen (OSB No. 112266)
KAMPMEIER & KNUTSEN, PLLC
833 S.E. Main Street, No. 318
Portland, Oregon 97214
(503) 841-6515
brian@kampmeierknutsen.com

David H. Becker (OSB No. 081507)
Law Office of David H. Becker, LLC
833 S.E. Main Street, No. 302
Portland, Oregon 9714
(503) 388-9160
davebeckerlaw@gmail.com

*Attorneys for Plaintiff Wild Fish Conservancy*

BILLY J. WILLIAMS
United States Attorney
District of Oregon
600 United States Courthouse
1000 S.W. Third Avenue
Portland, OR 97204-2902
Tel: (503) 727-1000

JEFFREY H. WOOD, Acting Assistant
Attorney General
SETH M. BARSKY, Section Chief
COBY HOWELL, Senior Trial Attorney
Environment & Natural Resources Division
U.S. Department of Justice
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, OR 97204-2902
(503) 727-1023 (Tel.); (503) 727-1117 (Fax)
Email: Coby.Howell@usdoj.gov

RACHEL K. ROBERTS, WSBA No. 50303
Trial Attorney, Natural Resources Section
7600 Sand Point Way NE
Seattle, WA 98115
Tel: (206) 526–6881; Fax: (206) 526–6665
Email: rachel.roberts@usdoj.gov

*Attorneys for Federal Defendants*

UNITED STATES DISTRICT COURT

DISTICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WILD FISH CONSERVANCY**<br><br>Plaintiff,<br><br>v.<br><br>**NATIONAL MARINE FISHERIES SERVICE,** *et al.*<br><br>Defendants. | Case No.: 3:16-CV-00553-MO<br><br>**ORDER GRANTING JOINT MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** |

The Court, having considered the Joint Motion for Voluntary Dismissal With Prejudice Under Federal Rule of Civil Procedure 41(a)(2) ("Joint Motion"), and for good cause shown, hereby GRANTS the Joint Motion.

Accordingly, IT IS HEREBY ORDERED that:

(1) Subject to and in accordance with the terms and conditions of the Settlement Agreement attached hereto as Exhibit A, this matter is voluntarily dismissed with prejudice as to the three causes of action alleged in the Second Amended Complaint; and

(2) This Court shall retain jurisdiction over this case for the sole purpose of enforcing the terms of the Settlement Agreement attached hereto as Exhibit A. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

DATED this 5th day of July, 2017.

*/s/ Michael W. Mosman*
HONORABLE MICHAEL W. MOSMAN
UNITED STATES CHIEF DISTRICT JUDGE

# EXHIBIT A

Case 3:16-cv-00553-MO    Document 39    Filed 07/05/17    Page 3 of 9

## SETTLEMENT AGREEMENT
## On Plaintiff's Demand for Attorneys' Fees and Costs
*Wild Fish Conservancy v. National Marine Fisheries Service, et al.*
D. Or. No. 3:16−cv−00553−MO

This Agreement is entered into between Plaintiff Wild Fish Conservancy (the "Conservancy") and Federal Defendants, National Marine Fisheries Service, Samuel D. Rauch III,[*] in his official capacity as Acting Assistant Administrator for Fisheries, National Marine Fisheries Service, United States Department of Commerce, and Wilbur L. Ross,[*] in his official capacity as Secretary of the United States Department of Commerce (collectively "Federal Defendants");

WHEREAS, on March 31, 2016, the Conservancy brought an action (D. Or. No. 3:16−cv−00553−MO) in the United States District Court for the District of Oregon against Federal Defendants, alleging various claims under the Endangered Species Act ("ESA") related to the funding of hatchery programs by Federal Defendants under the Mitchell Act;

WHEREAS, on June 27, 2016, the Conservancy filed a First Amended Complaint alleging claims under the ESA and National Environmental Policy Act ("NEPA") related to the funding of hatchery programs by Federal Defendants under the Mitchell Act;

WHEREAS, on January 15, 2017, the National Marine Fisheries Service issued its Biological Opinion and Incidental Take Statement under section 7 of the ESA, 16 U.S.C. § 1536, for disbursement of money to hatchery programs that had been appropriated under the Mitchell Act;

---

[*] Pursuant to Federal Rule of Civil Procedure 25(d), Samuel D. Rauch III, in his official capacity as Acting Assistant Administrator for Fisheries, National Marine Fisheries Service, and Wilbur L. Ross, in his official capacity as Secretary of the United States Department of Commerce, are substituted as Federal Defendants.

WHEREAS, on June 30, 2017, the Conservancy filed its Second Amended Complaint alleging the First Cause of Action, the Second Cause of Action, and the Third Cause of Action under the ESA;

WHEREAS, the Conservancy recognizes that Biological Opinion and Incidental Take Statement issued by the National Marine Fisheries Service on January 15, 2017, provides and renders moot much of the relief initially sought in this action, but the Conservancy has asserted its intent to seek an award of attorneys' fees, costs, and expenses incurred in this matter under section 11(g)(4) of the ESA, 16 U.S.C. 1540(g)(4); and

WHEREAS, the Conservancy and Federal Defendants (collectively, the "Parties") agree that it is in the interest of the parties and judicial economy to settle all of the Conservancy's claims for attorneys' fees, costs, and expenses in the above-referenced lawsuit and otherwise resolve this matter.

NOW, THEREFORE, for the sole purpose of resolving these matters without further litigation, the Parties hereby stipulate and agree as follows:

1. Federal Defendants shall pay eighty thousand dollars ($80,000.00) to the Conservancy in full satisfaction of any and all claims that have been or could be brought for attorneys' fees, costs, and expenses related to the above-referenced lawsuit as of the effective date of this Settlement Agreement, against any party of the United States government. This payment shall be accomplished by electronic funds transfer to the Law Office of David H. Becker, LLC, which will accept payment on behalf of the Conservancy. Federal Defendants shall submit all necessary paper work for the processing of the payment to the appropriate office(s) within ten (10) calendar days of the Effective Date of this Settlement Agreement. Counsel for Federal Defendants will follow up with the appropriate office(s) if payment is not

made within thirty (30) calendar days after the paper work for processing of the payment has been submitted.  The Conservancy's counsel will provide notice via electronic mail of receipt of the payment to Federal Defendants' counsel within five (5) days of receipt.  The Conservancy's counsel has provided counsel for Federal Defendants the information necessary to process the payment.  In acknowledgement and in exchange for payment pursuant to this paragraph, the Conservancy agrees that receipt of such payment shall constitute full and complete satisfaction of all its claims under the ESA and any other authority for attorneys' fees, costs, and expenses incurred by the Conservancy in the above-referenced lawsuit prior to the effective date of this Settlement Agreement.

      2.     Upon execution of this Settlement Agreement by the Parties, the Parties shall file an agreed-upon joint motion and proposed order providing that this matter, D. Or. Case No. 3:16-cv-00553-MO, shall be dismissed with prejudice under Federal Rule of Civil Procedure 41(a)(2).  This Settlement Agreement shall be null and void if the Court does not dismiss this matter in accordance with the terms set forth in the agreed-upon join motion and proposed order.

      3.     The Court shall retain jurisdiction over this case for the sole purpose of enforcing the terms of this Settlement Agreement, and the agreed-upon order of dismissal proposed by the Parties shall provide for such retained jurisdiction for the sole purpose of enforcing the terms of this Settlement Agreement.  *See Kokkonen v. Guardian Life Ins. Of Am.*, 511 U.S. 375 (1994).  Contempt of court is not available as an initial remedy under this Settlement Agreement.

      4.     This Settlement Agreement represents a compromise of disputes and does not constitute, and shall not be construed as, an admission of liability or error by Federal Defendants with respect to any matter associated with the Conservancy's claims or arguments, and does not

constitute, and shall not be construed as, an admission of liability or error by the Conservancy with respect to any matter associated with Federal Defendants' arguments.

5.  Federal Defendants enter into this Settlement Agreement solely to avoid further litigation regarding the issues resolved by this Settlement Agreement.  The Parties agree that the Settlement Agreement has no precedential value and they shall not cite the Settlement Agreement or settlement embodied herein as evidence of any liability in this case or in any other litigation, except as necessary to enforce the terms of this Settlement Agreement.  Federal Defendants do not waive any defenses they may have concerning the claims settled under this Settlement Agreement.

6.  The Parties recognize and acknowledge that the payment obligations of Federal Defendants can be paid only from appropriated funds legally available for such purpose.

7.  No provision of this Settlement Agreement shall be interpreted as or constitute a commitment or requirement that Federal Defendants are obligated to pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or other applicable provisions of law.

8.  This Settlement Agreement represents the entirety of the commitments between the Conservancy and Federal Defendants with regard to settlement of the Conservancy's claims for attorneys' fees, costs, and expenses and settlement of the remaining issues in this litigation.

9.  The Effective Date of this Settlement Agreement shall be the date upon which the Court enters the order of dismissal proposed by the Parties.  Federal Defendants' obligations under this Settlement Agreement shall terminate upon completion of the payment described in Paragraph 1 of this Settlement Agreement.

10.  No modification of this Settlement Agreement shall be valid unless expressly consented to in writing by the Parties.

11. The provisions of this Settlement Agreement shall apply to and be binding upon each of the settling Parties including, but not limited to, their officers, directors, servants, employees, successors, assigns, officials, administrators, contractors, attorneys, past and present agents.

12. The undersigned warrant that they have full authority to enter into this Settlement Agreement and by their signatures bind to the terms of this Settlement Agreement the party or parties on whose behalf they have signed.

WHEREFORE, after having review the terms and conditions of this Settlement Agreement, Plaintiff Wild Fish Conservancy and Federal Defendants, National Marine Fisheries Service, Samuel D. Rauch III, in his official capacity as Acting Assistant Administrator for Fisheries, National Marine Fisheries Service, United States Department of Commerce, and Wilbur L. Ross, in his official capacity as Secretary of the United States Department of Commerce, hereby consent and agree to the terms and conditions of this Settlement Agreement.

**ON BEHALF OF FEDERAL DEFENDANTS:**

   s/ Coby Howell
COBY HOWELL
Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, OR 97204-2902
(503) 727-1023
Coby.Howell@usdoj.gov

*Counsel for Federal Defendants*

Dated: June 30, 2017

**ON BEHALF OF PLAINTIFFS:**

  s/ David H. Becker
DAVID H. BECKER
Law Office of David H. Becker, LLC
833 SE Main Street, #302
Portland, OR  97214
(503) 388-9160-0403
davebeckerlaw@gmail.com

Dated:  June 30, 2017


  s/ Brian A. Knutsen
BRIAN A. KNUTSEN
KAMPMEIER & KNUTSEN, PLLC
833 S.E. Main Street, No. 318
Portland, Oregon 97214
Tel: (503) 841-6515
brian@kampmeierknutsen.com

*Counsel for Plaintiff Wild Fish Conservancy*

Dated:  June 30, 2017